**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAWN BOYKIN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WOFFORD,<br><br>　　　　Respondent. | Case No. 1:13-cv-01592-BAM-HC<br><br>ORDER DISMISSING THE PETITION WITH LEAVE TO FILE A FIRST AMENDED PETITION NO LATER THAN THIRTY DAYS AFTER THE DATE OF SERVICE OF THIS ORDER (DOC. 1)<br><br>DIRECTIONS TO THE CLERK TO SEND PETITIONER A BLANK PETITION FORM<br><br><u>FILING DEADLINE:</u><br><u>THIRTY (30) DAYS</u> |

　　　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting Petitioner's consent in a writing signed by Petitioner and filed by Petitioner on October 11, 2013. Pending before the Court is the petition, which was filed on October 3, 2013.

///

1

I. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see</u> <u>also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief

can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

## II. Uncertain Claim

Here, Petitioner alleges that he is serving a sentence of fifteen years to life imposed by the Los Angeles Superior Court in 1986 for second degree murder with a gun enhancement. Petitioner challenges the decision of California's Board of Parole Hearings (BPH) made after a hearing held on or about September 26, 2011, finding that Petitioner was unsuitable for parole. Petitioner alleges that he was only seventeen years old when he committed the commitment offense, and that the BPH failed duly to consider his juvenile conviction as a mitigating factor (pet., doc. 1 at 3, 9), failed to weigh Petitioner's age at the time of the crime (id. at 4), failed to consider that Petitioner's age was a regulatory concern under California's statutes and thus failed to give Petitioner's age its due weight (id. at 5-6), failed to recognize that less culpability attaches to a crime committed by a juvenile (id. at 7), and produced an analysis of Petitioner's parole suitability in which Petitioner's status as a minor at the time of the offense did not figure prominently (id. at 8). However, Petitioner does not submit the transcript of the parole suitability decision that would show the nature and extent of the matters considered by the BPH, and he does not state specific facts that would tend to that point to a real possibility of constitutional error with respect to the BPH's suitability determination.

The notice pleading standard applicable in ordinary civil proceedings does not apply in habeas corpus cases; rather, Habeas Rules 2(c), 4, and 5(b) require a more detailed statement of all

3

grounds for relief and the facts supporting each ground; the petition is expected to state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim.  Habeas Rule 4, Advisory Committee Notes, 1976 Adoption; Mayle v. Felix, 545 U.S. 644, 655 (2005); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  This is because the purpose of the rules is to assist the district court in determining whether the respondent should be ordered to show cause why the writ should not be granted and to permit the filing of an answer that satisfies the requirement that it address the allegations in the petition.  Mayle v. Felix, 545 U.S. at 655.  Allegations in a petition that are vague, conclusional, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal.  Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

   Here, although Petitioner informs the Court that the decision being challenged was made by the BPH with respect to Petitioner's parole suitability, Petitioner has failed to state any specific, supporting facts in his claims; rather, Petitioner sets forth conclusions regarding the adequacy of the BPH's consideration of his minority at the date of the commitment offense.  Further, Petitioner has failed to submit any documentation, such as the transcript of the parole suitability hearing and decision, that would indicate the facts upon which the decision is based.  Petitioner has not shown the relationship between the facts and any alleged violation of his rights.

Because Petitioner has failed to include any statement of supporting facts with respect to his claim or claims, the petition must be dismissed.

However, it is possible that Petitioner could state facts supporting his claims. Accordingly, the claims will be dismissed as uncertain, but Petitioner will be given leave to file an amended petition with respect to the claims.

### III. State Claims

Federal habeas relief is available to state prisoners only to correct violations of the United States Constitution, federal laws, or treaties of the United States. 28 U.S.C. § 2254(a). Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002). The Court accepts a state court's interpretation of state law. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). In a habeas corpus proceeding, this Court is bound by the California Supreme Court's interpretation of California law unless it is determined that the interpretation is untenable or a veiled attempt to avoid review of federal questions. Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir. 2001).

Here, there is no indication that any state court's interpretation of state law was associated with an attempt to avoid review of federal questions. Thus, this Court is bound by the state court's interpretation and application of state law.

Insofar as Petitioner rests his claim or claims solely on state

law, Petitioner fails to state facts that would entitle him to relief in a proceeding pursuant to § 2254.  Thus, insofar as Petitioner's claim or claims are based on an application or interpretation of California law, Petitioner's claims must be dismissed because they are not cognizable in a proceeding pursuant to 28 U.S.C. § 2254.

Further, because Petitioner's state claims are defective not because of any dearth of factual allegations, but rather because of their nature as being based solely on state law, Petitioner could not state tenable state law claims even if leave to amend were granted.  Thus, Petitioner's state law claims will be dismissed without leave to amend.

IV.   Amendment of the Petition

The instant petition must be dismissed for the reasons stated above.  Petitioner will be given leave to file a first amended petition to cure the deficiencies, and specifically to state and document facts in support of his uncertain claim or claims. Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completed petition with cognizable federal claims clearly stated and with exhaustion of state remedies clearly stated) within the allotted time will result in dismissal of the petition and termination of the action.  Petitioner is advised that the amended petition should be entitled, "First Amended Petition," and it must refer to the case number in this action.  Further, Petitioner is informed that Local Rule 220 provides that unless prior approval to the contrary is obtained from the Court, every pleading as to which an amendment or supplement is permitted shall be retyped or rewritten and filed so that it is complete in itself

without reference to the prior or superseded pleading.

V. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED with leave to amend; and

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order; and

3) The Clerk of the Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

Dated:   **October 17, 2013**                    /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE